

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-78,769-04

### EX PARTE RANDY HENDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 03F0146-202-B IN THE 202ND DISTRICT COURT
FROM BOWIE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of indecency with a child by exposure and four counts of indecency with a child by sexual contact. The trial court sentenced Applicant to serve some counts consecutively and some counts concurrently. His conviction was affirmed by the Sixth Court of Appeals in *Henderson v. State*, No. 06-03-00111-CR (Tex. App.—Texarkana 2004)(not designated for publication).

Applicant contends that the trial court improperly entered judgments *nunc pro tunc* in each count, resulting in the illegal revocation of his parole. Applicant contends that, when the original

judgments were entered against him, the trial judge designated Count Six as the "controlling case" in open court.[1]  However, the judgments *nunc pro tunc*  have changed the designated holding case to Count Five, thereby changing his parole eligibility date from 2020 to 2024.

Applicant has alleged facts that, if true, might entitle to relief.  In these circumstances, additional facts are needed.  As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.  The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to what caused the trial court to enter the judgments *nunc pro tunc* in this case.  The trial court shall also make findings as to whether the judgments *nunc pro tunc* reflect the original pronouncement of sentence by the trial judge.  The trial court shall also make findings as to what clerical error the judgments *nunc pro tunc* correct.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.  The trial court shall supplement the record with any evidence from the case file as necessary.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all

---

[1]Although no trial transcript of the proceeding exists, the case summary sheet appears to support Applicant's contention that the trial judge designated Count Six as the controlling case since he listed that count first for the cumulation of the sentences.

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  August 22, 2018

Do not publish